FILED
2009 May-13  PM 04:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

**FILED**

**09 MAY 13 AM 11: 16**

**U.S. DISTRICT COURT**
**N.D. OF ALABAMA**

# IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE NORTHERN DIVISION OF ALABAMA, MIDDLE DISTRICT

| | |
|---|---|
| Danny L. Smith, Pro-Se | § |
| Petitioner, | § |
| | § |
| V. | § Case No- |
| | §    CV-09-BE-0937-M |

**Mike Reebals,** Agent for the U.S Marshall Service;

**Mark Carney,** Director Agent, for the U.S Marshall Service;

**United States of America,** U.S Department of Justice, Agency, U.S Marshall service;

**Bill Hovies,** Agent U.S Marshall Service;

**John Doe, Jane Doe, And unknown others,** all defendants Severally, or in concert in their official and Personal capacities.

---

## PETITION FOR TITLE 42 U.S.C.A SECT; 1983 FOR VIOLATION OF PLAINTIFFS CONSTITUTIONAL AND CIVIL RIGHTS

---

Comes Now the herein named Petitioner, **DANNY L. SMITH,** (hereinafter "SMITH"), *pro-se*, and respectfully petitions this Honorable Court pursuant to *Title 42 U.S.C.A §1983* and states his cause with the following:

Contd: SMITH V. Marshall Serv. 42 U.S.C.S, 1983.

SMITH declares each action or inaction of the defendants whether severally in concert, plan or Scheme, have all violated SMITHS U.S Constitutional, and Civil rights pursuant to: *U.S Const.Amends 4th, 5th, 6th, 8th,and 14th as well as the State of Alabama Constitution 1901, ART I & 4, 6, 8, 10,12.*

SMITH would present for this Court's review a clear and specific statement of the grounds upon which relief is sought, SMITH states this is a suite for damages, and as such SMITH seeks an award which exceeds Five Million Dollars.

## FACTUAL STATEMENT OF THE CASE

1.     On December 7th, 2006 at or around 1:00am SMITH was traveling south in his Dodge Van on the Old Langston Hwy, SMITH pulled over to the side of the road in a parking area and fell asleep. (See SMITHS affidavit in support of this petition).

2.     SMITH was suddenly awakened by shouting, yelling and lights, SMITH proceeded to open his drivers door when SMITH was covered in shattered glass.

Contd: SMITH V. Marshall Serv. 42 U.S.C.S, 1983.

3.    SMITH was forcefully pulled from the auto and thrown to the ground, then handcuffed.

4.    SMITH could see faces of two individuals as they were holding SMITH to the ground, SMITH also saw one man with a rifle.

5.    SMITH was struck in the back of the head once with something hard, then struck in the side of the face area two more times.

6.    SMITH was told to get up off the ground, and as SMITH stood he saw the individual who struck him, and another man called him Reebals (hereinafter REEBALS), whom SMITH later knew to be one of a Fugitive Task Force team member of the United States Marshals Service (hereinafter MARSHALLS).

7.    SMITH saw very bright lights and heard other people talking, SMITH later knew them to be Americas Most Wanted television crew members (hereinafter AMW FOX), as Bill Hovies later introduced himself to SMITH as a team member of the U.S Marshals Service (hereinafter HOVIES) and HOVIES stated such.

Contd: SMITH V. Marshall Serv. 42 U.S.C.S, 1983.

8.      SMITH saw REEBALS searching SMITHS auto, SMITH told

REEBALS to exit SMITHS auto and do not enter it for any reason,

REEBALS told SMITH to shut up, and REEBALS did remove SMITHS

personal and Business equipment, and was placing it in a Truck.


9.      SMITH waited for about 20 minutes as the Jackson County

Sheriffs Deputys (hereinafter JACKSON S/O) was dispatched to

arrest scene.


10.     After JACKSON S/O arrived, JACKSON S/O impounded SMITHS

Van, and SMITH was booked in the Jackson County Jail

(hereinafter JACKSON S/O JAIL).


12.     Once at the JACKSON S/O JAIL the nurse treated SMITHS head

injuries because SMITHS head was bleeding.


13.     SMITHS property was taken by the MARSHALLS to the

Municipality of Glencoe police Department (hereinafter GLENCOE

P/D) at 2:00am to Chief of police Robert Griffith (hereinafter

GRIFFITH), (See **Doc-A, response of Mark Carney, to 1633-M**

**petition**),(See **Doc-B, response of Bill Hovies, to 1633-M**

**petition**).

4

Contd: SMITH V. Marshall Serv. 42 U.S.C.S, 1983.

14.     SMITH was removed from the JACKSON S/O Jail and
Jurisdiction on December 7th, 2006 at or around 8:00am as
GRIFFITH, Inv. Jeff Hopper (hereinafter HOPPER) traveled from
GLENCOE P.D, and Etowah County Sheriffs Department (hereinafter
ETOWAH S/O, and booked SMITH in the Etowah County Jail.


15.     GLENCOE P/D Chief Robert Griffith (hereinafter GRIFFITH)
refused to release SMITHS property to SMITHS Business agents
while the respondents were claiming that they would, and
Griffith stated to the Gadsden Times newspaper that the
equipment was being held for evidence not safekeeping, and
SMITH never retained possession of the property for over ten
months (See **Doc-G, Gadsden Times Article of Griffith**).


16.     On September 7th, 2007 SMITH filed to the United States
Federal District Court For The Northern Division Of Alabama;
case No(s): CV-07-HS-1633-M; CV-07-HS-1747-M, defendants were
the U.S Marshalls Service, United States Attorney Generals
office, and James Hayes (hereinafter HAYES), E.T, Al.


17.     On November 1st, 2007 the response from the defendants
alleged that SMITHS property was being kept for safekeeping,

Contd: SMITH V. Marshall Serv. 42 U.S.C.S, 1983.

(**see Doc-A, Declaration of Mark Carney**), ),(See **Doc-B, response of Bill Hovies**), and that GLENCOE P/D was willing to release it to SMITH or his Agents. .(See **Doc-C, affidavit of Wanda Smith**),(See **Doc-D, affidavit of Gary Spinks**),(See **Doc-E, affidavit of Barbara Jacobs**), (See **Doc-F, affidavit of Robert Jacobs**).

18.   On or around November, 2006 this entire incident began by Alex Hudson (hereinafter HUDSON), when HUDSON contacted AMW FOX television program, declaring statements about SMITHS local warrants of arrest, which HUDSON stated were fugitive warrants at which time AMW FOX television personnel contacted the MARSHALLS to make a television segment on SMITH (See **Doc-H, article by Gadsden times newspaper**).


## DECLARATION OF VIOLATIONS OF SMITHS

## CONSTITUTIONAL AND CIVIL RIGHTS

SMITH states that the foregoing below declarations of each defendants actions or inactions either by plan, scheme or in concert, and each location or entities, times, and dates are on or about in relations to each event and shall not be in completeness until full Discovery is obtained.


A.  (*REEBALS VIOLATIONS*)

Contd: SMITH V. Marshall Serv. 42 U.S.C.S, 1983.

19.    SMITH would declare that REEBALS participated in an illegal arrest and detention of SMITH.

20.    SMITH would declare that REEBALS used Excessive police Force during this illegal arrest upon SMITHS person at the time of the arrest SMITH contends that REEBALS is responsible for SMITHS injuries pursuant to *' 6A C.J.S. Assault & Battery § 27."*

*"'An officer may not claim justification for an assault where he exceeds the authority given him in the particular case."* ( Emphasis added) due to an unconstitutional arrest.

21.    SMITH would declare that REEBALS illegally removed SMITHS personal, And Business property against SMITHS objections, and carried it across two counties to the GLENCOE P/D, thus denying not only SMITH of the use of the property but SMITHS business known as Dan Rivers Entertainment (hereinafter D.R.E).

22.    SMITH would declare that REEBALS unlawful use of excessive force has caused SMITH serious pain and suffering as SMITH still today has dizzy episodes, and severe headaches, and mental trauma.

Contd: SMITH V. Marshall Serv. 42 U.S.C.S, 1983.

23.     SMITH would declare that REEBALS actions are responsible for SMITHS injuries that are ongoing.

24.     SMITH would declare that the entire arrest and detention of SMITH is illegal as a result of REEBALS actions.

25.     SMITH would declare that SMITHS auto was damaged as a result of the arrest attack, which REEBALS participated in.

26.     SMITH would declare that REEBALS is a violent individual not suitable for any law enforcement employment, as he has already been dismissed from other agencies that hired REEBALS and during an excessive use of force claim REEBALS was terminated.

27.     SMITH would declare that each and every illegal action or inaction of REEBALS violated SMITHS U.S Constitutional rights to be free from Excessive Police Powers, And brutality, and against SMITHS rights to be free from unlawful arrests, search and seizures, assaults, damage to SMITHS property and detentions, and the right to operate a licensed business without unlawful theft or interference of SMITHS business equipment, and thereby depriving SMITH of lively hood or income.

Contd: SMITH V. Marshall Serv. 42 U.S.C.S, 1983.

B. *(U.S Marshalls Service Director Mark Carney, Violations)*

28.    SMITH would declare that the director of the United States
Marshalls service Mark Carney (hereinafter CARNEY) as such in
CARNEYS Supervisory authority, through CARNEYS actions or
inactions violated SMITHS U.S Constitutional rights to be free
from Excessive Police powers, And brutality, and against SMITHS
rights to be free from unlawful arrests, search and seizures,
and detentions, and the right to operate a licensed business
without unlawful theft or interference of SMITHS business
equipment, and thereby depriving SMITH of livelihood or income.

29.    CARNEY knew or should have known about REEBALS (CARNEYS
subordinate) violent nature in dealing with the public, and
could have saved SMITH from the hands of REEBALS by simply
checking REEBALS background with other agencies, where REEBALS
was previously employed SMITH would declare that with due
diligence and Standard Operating protocol CARNEY, and CARNEY
would have known about REEBALS terminations and the Excessive
Force Complaints, and as such negligence could have prevented
the violence at the hands of REEBALS to SMITH, and possible
other United States citizens also;

Contd: SMITH V. Marshall Serv. 42 U.S.C.S, 1983.

*Ex parte City of Homewood; (In re: City of Homewood v. Michael S. Reebals),COURT OF CIVIL APPEALS OF ALABAMA 35 So 2d 1038835 So. 2d 1038; May 17, 2002, Released.*

*The charges were related primarily to the use of excessive force in effectuating the arrest and conduct unbecoming a police officer*( Emphasis added) .

C. (United States of America, U.S Department of Justice, Agency, U.S Marshall service, violations).


30.     SMITH would declare that the United States Marshall Service duly enacted by Congress of the United States, and as such being an entity of the United States of America operating under the U.S Dept Of Justice, knew or should have known of violations of CARNEY as the Director of their Police Force in failing to follow protocol under the laws of the United States of America, as well as by-laws of the Marshalls force in their hiring practices of employees, did violate SMITHS U.S Constitutional rights to be free from Excessive Police powers, And brutality, and against SMITHS rights to be free from unlawful arrests, search and seizures, and detentions, and the right to operate a licensed business without unlawful theft or

Contd: SMITH V. Marshall Serv. 42 U.S.C.S, 1983.

interference of SMITHS business equipment, and thereby depriving SMITH of lively hood or income.

31. SMITH would declare that with due diligence and Standard Operating protocol the United States Marshall Service  knew or should have known about REEBALS violent nature in dealing with the public, and could have saved SMITH from the hands of REEBALS by simply checking REEBALS background with other agencies where REEBALS was previously employed, and with due diligence could or should have known that CARNEY would or should have known about REEBALS terminations and the Excessive Force Complaints, and as such negligence could have prevented the violence at the hands of REEBALS to SMITH, and possible other United States citizens also.

D. *(Bill Hovies, violations)*

32.     SMITH would declare that HOVIES participated in the illegal arrest and detention, illegal damage, and search and seizure or theft of SMITHS personal, and business equipment, and damage of SMITHS auto and as such violated SMITHS U.S Constitutional rights to be free from Excessive Police powers, And brutality, and against SMITHS rights to be free from

unlawful arrests, search and seizures, and detentions, and the right to operate a licensed business without unlawful theft of SMITHS business equipment, and thereby depriving SMITH of lively hood or income.

33.    SMITH would contend that HOVIES participated in the assault when he held SMITH handcuffed on the ground while REEBALS assaulted SMITH, HOVIES then proceeded to hide or conceal the event by failing to notify JACKSON S/O of the assault that occurred in their jurisdiction, which actions or inactions deprived SMITH of his constitutional rights to equal protection of the law, which HOVIES has been sworn to uphold the laws and treaties of the United States of America in his official capacity as a U.S Marshall as well as all the team members, and as such a Felony Assault was committed in each members presence  _Fundiller  V. City of Cooper City, 777 F2d. 1436, 1441-42 (11th Cir 1985)._

" A police officer has a duty to intervene when another officer uses excessive force.

42.    SMITH would declare that the defendants named, and John Doe, Jane Doe, and Unknown others have used unlawful unconstitutional power against SMITHS person to wit the following:

A. All defendants have during plot, plan, or scheme
   Whether severally or in concert to arrest SMITH
   Without a proper "Fugitive Arrest Warrant;

B. Remove personal and business property without a proper
   Lawful "Search Warrant;

C. "Intentionally Defamed a Licensed business name, and
   unlawfully Detained D.R.E equipment for those purposes
   to cause irreparable harm  to D.R.E;

D. Unlawfully "Assault SMITH with willful, malicious, and
   "Sadistic Intent, with "Excessive force;

E. Maliciously, Detain, and "Imprison SMITH to meet the
   Ends of Plot, Plan, and Scheme.

F.  To prevent SMITH from the pursuit of life, liberty
    Happiness, with family and friends, and loss of
    Consortium with SMITHS wife, and family.

### RELIEF REQUESTED

SMITH declares this action arises under provisions of the
U.S.C.S, title 48 U.S.C.S, Section; 1983 and SMITH "Demands a
Trial by Jury", and seeks relief of "Actual, "Injunctive,
"Exemplary, "Punitive, and "Monetary awards to be respectfully

Contd: SMITH V. Marshall Serv. 42 U.S.C.S, 1983.

determined by this honorable court, and the Jury with the following:

G. *(Relief for physical injuries sustained during the illegal assault, arrest, damage to property, interference of SMITHS, and D.R.E personal and business property.)*

43.     SMITH seeks "Actual Damages incurred for the loss of freedom of movement to enjoy life, matrimonial happiness, and alienation of affections from his family and friends during his illegal imprisonment, as well as any lost time from his Business ventures with D.R.E, in as much as revenue which SMITH could or would have acquired in capital gains, taxes, other joint ventures, SMITH could or would have been involved in with D.R.E, including but not limited to recording contracts, radio or other media appearances which would produce more monetary gains, from each and every defendant severally or in concert as a result of the defendants actions or inactions.

44.     SMITH seeks "Injunctive relief from the illegal arrest and detention, and requests each and every defendant whether severally or in concert to be refrained from any remarks, or further physical violence, defamation, or media broadcasts, and to release SMITH immediately from the Alabama D.O.C.

Contd: SMITH V. Marshall Serv. 42 U.S.C.S, 1983.

45.      SMITH seeks "Exemplary damages from each and every defendant for their actions or inactions whether severally or in concert to be determined by the jury respectfully as stated.

46.      SMITH seeks "Punitive damages and awards from each and every defendant for their actions or inactions whether severally or in concert to be determined by the jury respectfully as stated.

47.      SMITH seeks "Monetary relief for any and all expenses incurred as a result of _Illegal detention_, _illegal assault, arrest, damage to property, interference of SMITHS, and D.R.E personal and business property.)_

     By all parties to this action in their respective or actual participation severally or in concert, in their personal and official capacities, and the cost incurred to be shared or equally distributed by said defendants at the commands of the jury, and any permanent disabilities resulting from the assault of any future income of SMITH personally and income that could or would be lost by D.R.E or SMITH, he forever prays.

     _Marshals are themselves responsible for their negligent acts, not sovereignty or courts for whom they act in carrying_

Contd: SMITH V. Marshall Serv. 42 U.S.C.S, 1983.

*out such orders as restitution of property.*  Wilson v Bittinger

*(1958, App DC) 104 US App DC 403, 262 F.2d 714 .*

Respectfully Submitted;

Danny L. Smith

176952- H-42-A

1000 St- Clair Rd.

Springville, Al 35146-5582

## CERTIFICATE OF ACKNOWLEDGEMENT

I the herein named Petitioner, **DANNY L. SMITH**, *pro-se*,

hereby declare or affirm under the penalty of perjury the above

statements and facts are true to the best of my belief or

knowledge,

Executed on this day of ___April___ ,30th,2009.

## NOTARY SERVICE

Sworn to and subscribed before me this day of :

30 APRIL , _____ ,2009.

NOTARY

COMM EXP:  ~~LEROY HAROLD REYNOLDS~~
NOTARY PUBLIC
ALABAMA STATE AT LARGE
MY COMM. EXPIRES 9 / 30 / 2012

## AFFIDAVIT OF DANNY L. SMITH

**STATE OF ALABAMA**

**COUNTY OF ST-CLAIR**;

Before me the undersigned Notary Public, personally appeared *Danny L. Smith* who being known to me, and after first being duly sworn, deposes and says as follows;

My name is *Danny L. Smith*, I am 51 years of age, and competent to testify, I have not been coerced or induced in any way to make the following, under any threat or promise, the facts set forth are true to the best of my knowledge and belief;

1.    On August 30th, 2005 I made Bond pursuant to two arrest's
2.    for Assault First Degree and Violation of the Community
3.    Notification Act, with AAA- Bonding of Gadsden, AL 35901.
4.    On October 3rd, 2006, I made Bond on these same charges
5.    pursuant to what I believe to have been an unlawful six
6.    month detention on the Community Notification Act, where I
7.    was supposedly found guilty of Probation Violation, when I
8.    believe I was never on probation, (see Rule 32 on case DC-
9.    2869).
10.    I work as an entertainer, and while I was returning to
11. Wellington, Al I was south bound on the Old Langston Hwy.
12. I was drinking and sleepy, so to prevent an accident I
13. pulled over at a fishing spot and fell asleep, I was Contd:
14. SMITH V. 42 U.S.C.S, 1983 suddenly awakened by screaming and
15. bright lights, as I tried
16. to open my door, I heard shattering glass and I turned my
17. from the door.
18.    someone forcefully pulled me from the van, I was forced
19. to the ground as I could see a lot of people and lights, I
20. was on the ground face first, I could feel many hands and

1

21. knees on my back arms and legs, someone cuffed me.

22.    Then I felt a sharp pain to the back of my head, then to
23. the side of my face, I could feel something warm coming from
24. the back of my head.

25.    I heard someone call Reebals to stop, and at that time I
26. was forced from the ground to my feet by the chain of the
27. handcuffs, which cut into my wrists.

28.    A person approached me who identified himself as Bill
29. Hovies of the United States Marshalls Fugitive task force,
30. I then saw this Reebals and several others inside my van
31. removing my personal and business equipment, I told Reebals
32. to stop and do not reenter my auto, he stated to me "shut
33. up and do not speak until I am spoken to.

34.    I saw Reebals and others take my property to trucks, and
35. Hovies stated Jackson, County was on the way, about 20
36. minutes later, a deputy Jackson County Sheriff arrived,
37. I was placed in the back of his car, I heard the deputy
38. ask Hovies what he wanted him to do with me.

39.    Hovies stated take me to their jail he guessed, that he
40. did not actually know what to do, I was booked in the
41. Jackson County jail, and I told the Jackson deputy about the
42. assault and the Jackson county jail nurse treated my head as
43. it was bleeding from the back.

44.    All this happened around 1:00am on December 7th, 2006, at
45. 9:00am Robert Griffith and 46. Jeff Hopper of the Etowah
46. County Sheriffs Department, removed me from Jackson County
47. Jail, booked me in the Etowah County Jail.

48.    I did at the time of the marshals arrest asked to see a
49. warrant for my arrest, I got no response, I did at the time
50. of my property being removed asked to see a search warrant,
51. I received again no response.

52.    I did at the time Griffith and Hopper removed me from the

2

53. Jackson County Jail, asked to see an arrest warrant, I was
54. told to shut up.

55.    On many occasions during conversations with my Ex-wife
56. Wanda Smith, My friends Gary Spinks, Robert Jacobs asked
57. them to check on my property, they did as I asked and told
58. me that every time they went to Glencoe P.D they were cussed
59. at and run off.

60.    On September 7th, 2007 I filed after many unsuccessful
61. attempts to find my property, two Federal Habeas Corpuses,
62. case numbers: HM-CV-1633-M, and CV- 1747-M in the United
63. States Federal District court.

64.    On September 24th, 2007 Griffith was asked to resign
65. as Glencoe P.D, and the Marshalls Agent Bill Hovies called
66. Wanda Smith and told her he had called Glencoe and to go get
67. the property, which she did.

This concludes this testimony of the affiant and he
further states not.

       All statements hereto this instrument are to the best
of my belief and knowledge, I make these statements under
penalty of perjury.

Danny L. Smith, Plaintiff/Petitioner, Pro-Se;

176952-H-42-A
1000 St-Clair Rd.
Springville, Al 35146-5582

Sworn to and subscribed before me this day of:

April 30th ____ , ____ ,2009.

NOTARY: _____

COMM, EXP: _____

**LEROY HAROLD REYNOLDS**
NOTARY PUBLIC
ALABAMA STATE AT LARGE
MY COMM. EXPIRES 9 / 30 / 2012

3

06/22/2006  22:54    2564941339                    CITY OF GLENCOE        PAGE  02/02

DATE                 Ph.#                                        ? Glencoe

# Property/Evidence for Danny Smith
## Case # 061000456

### Collected by U.S. Marshalls on 12/07/2006

1. One silver colored metal case (marked as "COMP-1" and PROPERTY-OF-DAN RIVERS ENT." In red ink)

   The case contains:

   100 — a) One (1) Western Digital "external" hard drive
   101 — b) One (1) Sound Blaster (?)
   102 — c) One (1) Maxtor Peripherals (?)
   103 — d) One (1) Targus Pawm receiver (?)
   104 — e) One (1) multi-colored mouse pad
   105 — f) One (1) Targus wireless mouse
   106 — g) Three (3) microphones
   107 — h) One (1) HP laptop computer Serial # CDN4490CTQ

   1) SD 40 gig harddrive Ext.
   1). Wallett, Personal I.D
   1). $98.00 U.S Currency

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

|  |  |
|---|---|
| DANNY LOUIS SMITH, | ) |
| Petitioner, | ) |
| v. | ) |
| SHERIFF JAMES HAYNES, ET AL., | ) CASE NO. CV-07-C-1633-M |
| Defendants. | ) |

## DECLARATION OF MARK CARNEY

I, Mark Carney, hereby make the following declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am a Supervisory Inspector employed by the Department of Justice, United States Marshals Service (USMS), Investigative Service Division, Gulf Coast Regional Fugitive Task Force (GCRFTF). I have held this position since April 30, 2006 and have been employed by the USMS since August 26, 1996. I am currently stationed in Birmingham, Alabama.

2. I understand that petitioner alleges that property belonging to him was seized by USMS officers at the time of his arrest, which he claims took place in November 2006.

3. I was not present during petitioner's arrest, but I have investigated the claims asserted in the above-captioned matter.

4. USMS official records indicate that on November 30, 2006, the USMS's GCRFTF initiated a fugitive investigation for petitioner, who was wanted pursuant to a local arrest warrant issued in Etowah County, Alabama for burglary, assault, failure to register as a sex offender, felony criminal mischief and harassing communications.

63        5. The GCRFTF is organized and operated by the USMS for the purpose of mutual federal-state-

64      local cooperation and assistance in executing federal, state, and local criminal fugitive arrest warrants.

65      See P.L. 106-544; 28 U.S.C. § 566, note. *?Only to investigate ?or arrest also?*

66      6. On December 6, 2006, GCRFTF officers located petitioner sleeping in a van in Jackson

*what about my busted* 67 County, Alabama. A window of the van was broken to allow the officers to effectuate petitioner's arrest.
*read !*

68      7. Petitioner was transported to the Jackson County, Alabama Jail. His van was impounded by the

69      Jackson County Sheriff's Department. Due to the van's broken window, property found in the van was
*safekeeping or*
*, steal it ?* 70 removed and transported to the Glencoe, Alabama Police Department for safekeeping.

*Release it* 71  8. The Glencoe Police Department has advised me that they are currently holding petitioner's
*Then !!*
72  property for safekeeping and will release the property upon request by either petitioner or his agent. An

73  inventory of the property is attached hereto. *Where is the inventory Return sheet to Court?*

*You took it !* 74  9. The USMS does not possess any property belonging to petitioner.

75  I declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and

76  correct to the best of my knowledge, information and belief.

MARK CARNEY
Supervisory Inspector

Dated:

2

(8)

**U.S. Department of Justice**
United States Marshals Service



| **REPORT OF INVESTIGATION** | | Page 1 of 1 |
|---|---|---|
| 1. FID/CASE: 1258285 / 0701-1207-0376-§ | 2. DATE OF REPORT: 12/07/2006 | 3. REPORTED BY: HOVIES,BILL |
| 4. SUBJECT NAME: SMITH,DANNY | | AT: AL/N |

5. TYPE OF REPORT:
[ ] REPORT OF ELECTRONIC INTERCEPTION          [x] ARREST (USM11 97900)
[ ] COLLATERAL LEAD                            [ ] INTELLIGENCE UPDATE
[ ] WITNESS INTERVIEW                          [ ] MEMORANDUM TO FILE
[ ] OTHER

On November 30, 2006, The United States Marshals Service (USMS), Gulf Coast Regional Fugitive Task Force (GCRFTF) initiated a fugitive investigation on Danny Louis SMITH FID# 1258285. The Glencoe Police Department and the Etowah County Sheriff's Department requested assistance in the apprehension of SMITH, who was wanted for Burglary first degree, Assault second degree, Failure To Register as a Sex Offender, felony Criminal Mischief and Harassing Communication.

SMITH was arrested in August 2006, for assault first degree, after allegedly stabbing a man. On November 1, 2006, while he was out on bond, SMITH forcefully entered his estranged wife's residence, where he proceeded to beat a man with a wooden stick. During the assault SMITH began breaking several windows, one of which was directly over a crib where an infant child was sleeping. SMITH fled the residence in his vehicle. During his escape he began ramming the assault victim's pick-up truck. SMITH then led Glencoe Police on a high speed chase, avoiding apprehension.

SMITH began calling the Glencoe Police Department threatening not only the dispatchers but, police officers as well. He also threatened to cause physical harm to the police officer's families.

On December 6, 2006, information was developed that SMITH was hiding in the Etowah County area. Members of the Gulf Coast Regional Fugitive Task Force (GCRFTF) began conducting interviews and surveillance in the Etowah County area. Information was developed that SMITH was living in a van in a wooded area off Langston Rd., in Jackson County, AL. SMITH was located sleeping in his van and taken into custody without incident. He was transported to the Jackson County Jail and the van he was sleeping in was towed by the Jackson County Sheriff's Department. SMITH'S electronic equipment that was in the van was turned over to the Glencoe Police Department.

Investigation CLOSED.

| 6. SIGNATURE (*Name and Title*) | 7. DATE 12/18/2006 5:45 PM EST | 10. DISTRIBUTION ___DISTRICT ___HEADQUARTERS ___OTHER___ |
|---|---|---|
| BILL HOVIES Criminal Investigator | | |
| 8. APPROVED (*Name and Title*) | 9. DATE 12/18/2006 5:58 PM EST | |
| MARK CARNEY Warrant Supervisor | | |

*UNITED STATES MARSHALS SERVICE*
*THIS REPORT IS THE PROPERTY OF THE UNITED STATES MARSHALS SERVICE NEITHER IT NOR ITS CONTENT MAY BE DISSEMINATED OUTSIDE THE AGENCY TO WHICH LOANED*

10/22/2007 12:43 PM EDT

*Attachment A-12*

DOC-G
EXHIBIT-1-89.

(39)

*Bernie bought it in TN.*

# Offender



"...," Griffith said, explaining he believed it was the "coast," Smith when he answered the call. "She was on her way to work. She said, 'Are you OK?' and then she realized it wasn't him and hung up."

During the weeks Smith escaped capture, Glencoe's search for him included trips to Cleburne County, Calhoun County, Marshall County and Jackson County along with areas in Etowah County.

Griffith said Smith has ties to Jackson County, having lived there about 2002 and also having an ex-wife from that area who still has family there.

"He may have been getting assistance from them, but he wasn't staying at their houses," Griffith said.

Griffith described the arrest of Smith, who had threatened law enforcement, as somewhat of a weight being lifted.

"It's just a big relief to all of us," he said of the department of eight sworn officers who worked overtime on the case.

"It's been a strain. We're glad to put him in jail."

The belongings of fugitive sex offender Dan

---

## In case you forgot



Danny Lewis Smith, 49, also known as Dan Rivers, had been on the run from police since Oct. 23.

- He is a convicted sex offender wanted on felony charges in the assault of his estranged wife's boyfriend.
- He allegedly broke into the home where his estranged wife was living and attacked a man there about 5 a.m. Oct. 23.
- A Glencoe officer responding to a 911 call from the home spotted Smith in the neighborhood driving a car and chased him to a home where he had been staying on Rabbittown Road.
- Smith apparently crashed the car into a tree behind the house, got out of the car, ran and was able to get away in the dark.
- Smith was spotted the afternoon of Oct. 23 behind the house on Rabbittown Road, prompting a search on the ground and in the air, but again was able to get away.
- Smith was convicted in 1994 in Phenix City for incest and sexual assault of his 17-year-old daughter and is registered as a sex offender in Calhoun County.
- Smith moved to Etowah County and was living in Glencoe when it was discovered he had not registered as a sex offender.
- Smith got in a fight with a man at a mobile home park on Briarmeade Drive in Glencoe and eventually was charged with assault.
- Smith moved to a residence on Tidmore Bend Road and again failed to register as a sex offender. A move to a residence on Hoke Road added to an additional charge for failing to register.
- Smith moved to the Wellington area in Calhoun County early this year and failed to notify authorities that he was moving from the residence, a must under the sex offender law.
- Smith was put on bond on the assault charge and for failing to tell authorities he was moving when the alleged ... occurred Oct. 23.

*Attachment __ A-11*

(57)

Fla.

il be draining, but it'll be worth it
e everybody," Charisse said.
aved planning at the Jennings home
is with paper and pen.
he's already got a list in the
hen," Brian said of his wife, who
ed it more than a week before their
nksgiving trip. He concedes, "We're
a kind of list-makers."

at's primarily because "we have for-
en things," Brian said, later disclos-
the couple have left behind pain re-
er and a present or two.

detailed list helps them remember
"just-in-case" items, Charisse said.
phasizing pain reliever, a thermome-
and cold medicine are must-haves
ause "it's better to be prepared."

With two kids, it's so easy to forget
nething," she added.

Brian agreed, "When you have kids,
i end up forgetting something you
nally wouldn't."

A lot of times," Charisse said, "I
ke my list when they're taking naps."
That time is convenient, she said, "be-
ise it's quiet, and I can actually think."

Starting a list several days before a
a doesn't mean completing it long be-
re leaving home.

The list keeps evolving until its con-
**PLEASE SEE PLANNING | A8**

# A little help goes long way in apprehending sex offender

**BY KIM CRAFT**
Times Staff Writer

GLENCOE — Police officers thinking of ways to ap-
prehend a convicted sex offender on the run found au-
thorities after a burglary and assault led to the fugitive's
arrest Thursday.

Glencoe police enlisted the help of a U.S. Marshals
fugitive task force based in Birmingham after learning
about it from a representative of the television program
"America's Most Wanted."

Glencoe detective Alex Hudson Snyder originally had the
idea to contact "America's Most Wanted," Police Chief
Robert Griffith said.

He emailed the show about posting information given to
Smith on his Web site. A representative then called the
department about producing a piece on Smith for the
on-air show.

That's when Griffith was told about the U.S. Marshals
Service providing assistance to other law enforcement
agencies involved in fugitive investigations.

**PLEASE SEE HELP | A6**

*Where's the fugitive WARRANT?*

# and getting – global support

ks broke down on a
Neither side has said
eturn to talks, with no
in Nov. 17 after a lo...
on.

rike began, Goodyear
ing tires at some of its
erican plants with
emporary workers
anagement. The
anding at production
sts plants to help sup-

ply North American customers.

Goodyear has said it intends to
close its Tyler, Texas, tire plant by
next year because the company is
ending production of low-profit pri-
vate-label tires. The union wants all
plants protected from closing. The
USW also strongly objected to a
company proposal for creating a re-
tiree health care trust, which the
union argues shortchanges retirees.

Goodyear executives have said

they are seeking changes that
help the company compete in
today...

...or ..., ...i ...
same on ter ...ts
...manding of ...tests some
high quality tires we can make
day."

Ine ... of ... ...on
...ssage had ...

**PLEASE SEE GOODYEAR | A8**

## TING YOUNG

oss by Sir ...song
arton imagination
brary to help
es lea n to read
A2

## TODAY'S WEATHER

Times of cloud... h...
sunshine with a c...
start but mild afternoon
High **61** Low **40**
For details, see **A8**

DOC-H
EXHIBIT - 2 PX.

A: An...
Q: Wh...
a friend...
dog"?

A: O...
Harry T...
Q: Th...
flea ma...
neat-loo...
with a...
looks g...
den. I'...
a name...
spear?

A: I...
A lizar...
oject to...
powde...
a hiss...
tern i...
scribe...
...dde...
Q: I...
miral...
first to...
Pole.
was t...
that r...

A: ...
ttion
news
its I
Nort
s is
mes
e t
...ds
Q:
fin-f
—
A:
t pa...

LC

attachment A-18    58

**2006**

## Help

Tell the hound Again.

Dec-1-07

Assaulted me*

# Storewide savings





50% off    40% off entire s





19.99    50% off

BELK-GADSDEN (547-8621) MONDA
USE YOUR CONVENIENT BELK CHARGE W