FILED
 2009 Dec-15  AM 10:49
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| DANNY L. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:09-cv-00937-KOB-JEO |
| MIKE REEBALS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on November 16, 2009, recommending that this action, filed pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), be dismissed for failing to state a claim upon which relief may be granted. (Doc. 7). The plaintiff filed objections to the report and recommendation on November 23, 2009. (Doc. 8).

The plaintiff argues in his objections that he did not have access to a law library until December 2008, when he was transferred to state prison. (Doc. 8 at p. 2). The plaintiff reasons that the lack of a law library constituted a "disability" under ALABAMA CODE § 6-2-8 (1975) and he is, therefore, entitled to equitable tolling of the statute of limitations. *Id*.

The disabilities referred to in § 6-2-8 pertain to actions that accrue when a claimant is below the age of 19 years, or insane. *See* ALA. CODE § 6-2-8 (1975). If such a disability exists, then the claimant "shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action ...." The lack of a legal library does not constitute a disability under § 6-2-8.

In *Mullinax v. McElhenney*, the Eleventh Circuit Court of Appeals stated the general rule in determining when a § 1983 claim accrues:

> [T]he statute [of limitations for a § 1983 claim] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. Thus Section § 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury.

*Mullinax*, 817 F.2d 711, 716 (11th Cir. 1987) (internal citations omitted). Moreover, "[t]he method for determining the date when a cause of action accrues for purposes of the statute of limitations in § 1983 cases is also used for *Bivens* claims, and the plaintiff's cause of action accrues when he knows or has reason to know of his injury and who has inflicted it." *Erick v. Border Patrol of Fla. State*, 154 Fed. App'x 193, 194 (11th Cir. 1987); *see Kelly v. Serna*, 87 F.3d 1235, 1238-39 (11th Cir. 1996).

The plaintiff's claims of excessive force, wrongful arrest, and illegal search and seizure were known to him at the time they occurred on December 7, 2006. The plaintiff alleges in his objections that he did not know the names of the individual officers associated with his claims until he filed a habeas petition in 2008. However, the plaintiff states in his Complaint that he "saw the individual who struck him and another man called him Reebals." (Doc. at p. 2.) The plaintiff further states that another individual "identified himself as Bill Hovies of the United States Marshall's Fugitive Task Force." (Doc. 1, Smith Aff. at p. 2). It appears from the plaintiff's complaint that a number of law enforcement agencies participated in his arrest and while the plaintiff may not have known the names of each individual he contends violated his constitutional rights, he was aware of the local and federal agencies with which these officers

were associated. The plaintiff, however, does not allege that he made any effort to ascertain the names of these individuals.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court finds that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

**DATED**, this 15th day of December, 2009.

/s/ Karon O. Bowdre
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE